

DA 12-0635

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 111N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROGER KEECH,

       Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District,<br>In and For the County of Yellowstone, Cause No. DC 08-0173<br>Honorable Gregory R. Todd, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Roger Keech, self-represented, Deer Lodge, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General; Helena, Montana

            Scott Twito, Yellowstone County Attorney; Victoria Callender, Deputy County Attorney; Billings, Montana

                    Submitted on Briefs:   March 27, 2013

                               Decided:   April 23, 2013

Filed:

                               _____
                                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Defendant and Appellant Roger Keech (Keech) filed first a motion to clarify and amend judgment and later a motion to withdraw a guilty plea, both of which the District Court treated as a petition for postconviction relief (PCR) and denied as time-barred. We affirm.

¶3     In January 2003, Keech was sentenced in Lewis and Clark County for three felony convictions: deceptive practices—10 years, 6 suspended; burglary—20 years, 16 suspended; and accountability to forgery—10 years, 6 suspended (Cause No. DC 2002-181). While on probation for the Lewis and Clark County crimes Keech was charged with felony accountability to forgery in Yellowstone County (Cause No. DC 08-0173). Keech entered into a plea agreement whereby, in exchange for a guilty plea, the State would, among other things, recommend a sentence of 5 years to the Department of Corrections (DOC) which shall "run concurrently" to the sentence imposed in Lewis and Clark County (Cause No. DC 2002-181). In November 2008, Keech was sentenced in Yellowstone County as provided in the plea agreement. Judgment was issued on December 12, 2008, which Keech did not appeal.

¶4 On March 12, 2009, pursuant to a petition to revoke suspended sentence in Cause No. DC 2002-181, filed in the fall of 2008, to which Keech admitted, Keech was sentenced to serve 4 years each for deceptive practices and accountability to forgery, and 16 years, with 11 suspended, for burglary. However, the judgment failed to specify whether the sentence was to run concurrently or consecutively with the Yellowstone County judgment. Keech did not appeal this judgment.

¶5 On February 23, 2010, Keech filed a motion to clarify and to amend the Yellowstone County judgment because the DOC was treating his two sentences as running consecutively rather than concurrently. The State did not respond and the court did not rule on the motion for more than two years. In the meantime, in October 2011, Keech filed a petition for writ of habeas corpus with this Court, again asserting that the DOC was misinterpreting his sentences. We denied the petition on the basis that when the Lewis and Clark County court "failed to specify that Keech's sentences should run concurrently, they must run consecutively." On June 13, 2012, Keech filed a motion to withdraw his guilty plea in the Yellowstone County case, asserting that he never would have agreed to plead guilty if he had known the sentences would run consecutively.

¶6 The District Court treated Keech's motions as a petition for PCR and denied them as untimely. We review a district court's denial of a petition for PCR to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sanchez v. State*, 2012 MT 191, ¶ 12, 366 Mont. 132, 285 P.3d 540. A petition for PCR must be filed within one (1) year of the date that the conviction becomes final. Section 46-

21-102, MCA. Furthermore, a motion to withdraw a guilty plea must also be filed within one (1) year of the date that the conviction becomes final. Section 46-16-105(2), MCA. The District Court denied Keech's motions for relief as statutorily time-barred.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by statute, which the District Court correctly interpreted.

¶8 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE